E-FILED
Monday, 14 December, 2020  03:51:40 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **KABA SHABAZZ MUHAMMAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-1343-SLD** |
| | ) | |
| **FREDERICK ENTZEL,** | ) | |
| **Warden** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER  AND OPINION</u>

Before the Court is Petitioner Kaba Shabazz Muhammad's (f/k/a Taurus Zambrella) Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  Muhammad seeks to pursue two challenges under § 2241 pursuant to the 28 U.S.C. § 2255(e) savings clause: (1) he argues that he is actually innocent of his convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019); and (2) he argues that, in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016), he was erroneously sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) because his Mississippi burglary conviction was improperly used as a predicate offense.  For the reasons below, the Court GRANTS IN PART and DISMISSES IN PART Muhammad's Petition: Muhammad's *Rehaif* claim is dismissed, but the Court finds he is entitled to relief on his *Mathis* claim.  Accordingly, Muhammad's criminal sentence is VACATED pending resentencing in the District Court for the Northern District of Indiana.

# I. BACKGROUND

In November 2000, in *United States v. Zambrella,* 00-cr-197 (N.D. Ind.), a grand jury sitting in the Northern District of Indiana returned a multi-count indictment charging Muhammad with multiple firearms related offenses.  A jury convicted Muhammad of two counts of unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (Counts Two and Three), and one count of theft of firearms, 18 U.S.C. § 922(u) (Count Five).  The sentencing court imposed an aggregate sentence of 293 months in prison, consisting of concurrent sentences of 293 months on each of Counts Two and Three and 120 months on Count Five.

The sentencing court found that Muhammad was an armed career criminal under 18 U.S.C. § 924(e), which increased his statutory imprisonment range from zero to ten years to fifteen years to life on his § 922(g)(1) convictions.  Muhammad's armed career criminal status was based on his prior Illinois convictions for robbery (1978) and delivery of cocaine (1990), and prior Mississippi conviction under the state's simple burglary statute (1990).  At sentencing, Muhammad argued that he was not an armed career criminal because his Illinois drug trafficking conviction was actually for simple possession of cocaine, not delivery.  Upon examining certified state court documents, the sentencing court overruled Muhammad's objection and found he was an armed career criminal.  Muhammad's final judgment was entered on February 14, 2002.

On direct appeal Muhammad raised two issues: (i) whether the sentencing court erred in denying his request for a hearing under *Franks v. Delaware*, 328 U.S. 154 (1978); and (ii) whether the sentencing court abused its discretion in denying his motion to continue the sentencing hearing in order to permit him to obtain additional documents relating to his Illinois

drug trafficking conviction. *Zambrella v. United States,* 327 F.3d 634 (7th Cir. 2003). The Seventh Circuit affirmed the judgment of the district court. *Id.*

Muhammad timely filed his first motion under 28 U.S.C. § 2255 in 2004. *See* Order Denying 2255 Motion, *United States v. Zambrella,* No. 2:00 CR 197 (N.D. Ind. Jul. 12, 2005); Order Denying Petitioner's Supplement to 2255 Motion, *Zambrella,* No. 2:00 CR 197, 2005 WL 2990504, at *1 (N.D. Ind. Nov. 8, 2005). Notably, Muhammad argued that he was improperly designated an armed career criminal because his burglary conviction did not qualify as "generic burglary" as that term is used in the ACCA and defined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 598 (1990). "[Muhammad's] § 2255 motion focus[ed] almost solely on his belief that the [sentencing] court disregarded the holding of *Taylor* when it relied on the presentence report to determine that his burglary under Mississippi law was generic burglary meeting the ACCA definition." The problem with Muhammad's argument, the sentencing court said, was that, "first, it could have been raised on his direct appeal and so has been procedurally defaulted." Second, the court added, "it is . . . essentially an *Apprendi/Blakely/Booker* claim, and as noted [earlier in the same order], the rule from those decisions is not retroactively available on collateral attack." The sentencing court recognized that the state statute, Miss. Stat. Ann. § 97-17-13, was broader than generic burglary. However, because the charging indictment showed that Muhammad burgled a building, he could not show prejudice from his attorney's failure to object to the use of the facts in the PSR.

In Muhammad's supplemental briefing, as summarized by the district court, he argued that:

> he is actually innocent (both legally and factually) of being an armed career criminal because at his sentencing, the Mississippi indictment was not put into evidence. In addition, he pleaded guilty in Mississippi to a charge of burglary, not to the indictment, and an "indictment can say many thing's in the underlying

(Which) mostly come's from police reports." August 15, 2005 supplemental
memorandum at 2[sic]. He reiterates that his attorney was ineffective at
sentencing, and on direct appeal, for not making this argument.

*Zambrella*, 2005 WL 2990504, at *1. The district court denied this claim, finding that:

> whether or not it is true that indictments can say anything, he pleaded guilty to
> one stating that he had burglarized a pawn shop, and *Shepard* specifically allows a
> court to rely on the facts alleged in an indictment to make a finding as to generic
> burglary. [Muhammad's] attorney was not ineffective for failing to pursue this
> issue at sentencing because, at the time (and which still may be true now) the law
> in this circuit allowed the court to rely on the uncontested facts in the PSR, which,
> in this case, summarized the facts from the Mississippi indictment.

*Id.* Muhammad appealed the denial of his § 2255 motion and the Seventh Circuit dismissed the

appeal for failure to pay the required docketing fee. Respondent's brief also summarizes

Muhammad's other unsuccessful collateral attacks on his sentence and conviction.

On October 28, 2019, Muhammad filed this Petition for Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2241 (Doc. 1). He raises two claims: First, he argues that he is actually innocent

of his convictions for being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct.

2191 (2019). Second, he argues that, in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016),

he was erroneously sentenced as an armed career criminal under 18 U.S.C. § 924(e) because his

Mississippi burglary conviction was improperly used as a predicate offense. In Respondent's

response (Doc. 6), he argues that Muhammad's *Rehaif* claim cannot proceed under 28 U.S.C.

§ 2255(e). Additionally, while Respondent concedes that Muhammad should not have been

sentenced as an armed career criminal, Respondent argues that Muhammad is not entitled to

relief because his claim was not previously foreclosed at the time of his direct appeal and initial

§ 2255 motion. While the Court agrees with Respondent and finds that Seventh Circuit

precedent now forecloses Muhammad's *Rehaif* claim, the Court finds that Muhammad is entitled

to relief on his *Mathis* claim and entitled to be resentenced without the armed career criminal

enhancement.

## II.  LEGAL STANDARD[1]

Generally, federal prisoners who seek to collaterally attack their conviction or sentence

must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's

substitute for habeas corpus."  *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting

*Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule is found in § 2255

itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or

ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Under the "escape hatch"

of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no

reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his

conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*,

147 F.3d 605, 611 (7th Cir. 1998).  The Seventh Circuit has developed a three-part test to

determine whether 2255 was "inadequate or ineffective:

> • *Step #1*: the federal prisoner must seek relief based on a decision of statutory
> interpretation (as opposed to a decision of constitutional interpretation, which the
> inmate could raise in a second or successive § 2255 motion);
>
> • *Step #2*: the statutory rule of law in question must apply retroactively to cases on
> collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> • *Step #3*: a failure to afford the prisoner collateral relief would amount to an error
> 'grave enough' to constitute 'a miscarriage of justice.'

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing *Montana v. Cross*, 829 F.3d 775,

783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

---

[1] The Court notes that Respondent has reserved for further review its position that the motion remedy under § 2255 is inadequate or ineffective to test the legality of a prisoner's detention only if a class of argument is categorically excluded under the statute.  However, as Respondent concedes, this Court is bound by circuit precedent.

### III.  DISCUSSION

**A.  Seventh Circuit Precedent Forecloses Muhammad's *Rehaif* claim.**

Muhammad argues that he is actually innocent of his conviction for being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1), in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019).  Under 18 U.S.C. § 922(g), it is unlawful for any person in one of nine relevant categories "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  *Id.*  Under § 924(a)(2), "whoever knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both."  In *Rehaif,* the Supreme Court held that to be guilty under § 922(g) an individual must know not only that he possessed the firearm or ammunition, but also that he belonged to the relevant category of people barred from possessing a firearm.  *Id.* at 2196.  This requirement is because the "knowingly" mens rea under § 924(a)(2) extends to both the element of possession of the firearm or ammunition *and* the element of the defendant's status in the relevant category.  *Id.*  Here, the relevant category that Muhammad was convicted under was a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  *See* 18 U.S.C. § 922(g)(1).

Respondent does not dispute that Muhammad can meet the first two steps of the savings clause test, but argues that Muhammad cannot show that he is suffering from a miscarriage of justice.  The Court agrees.  The Seventh Circuit has found an error is grave enough to be a miscarriage of justice if the error results in a conviction "of a nonexistent crime," *Davenport*, 147 F.3d at 611, or "a 'fundamental error equivalent to actual innocence,'" *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 836 (7th Cir. 2002).  While

Muhammad may be correct that jury instructions were deficient in light of *Rehaif*, to succeed on his claim he must show that he did not know he had "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  Muhammad has not claimed that he lacked this knowledge, nor could he plausibly do so in light of his multiple felony convictions for which he was sentenced to more than one year in prison.  Accordingly, the Court finds that Muhammad cannot show he is suffering from a miscarriage of justice on his *Rehaif* claim.  *See United States v. Maez*, 960 F.3d 949, 966 (7th Cir. 2020) (finding no risk of a miscarriage of justice where defendant's PSR showed that he had at least four prior felony convictions and had served a year or more in prison on three of those convictions); *United States v. Pulliam*, 973 F.3d 775, 782 (7th Cir. 2020), *as amended* (Sept. 8, 2020) (finding no miscarriage of justice where defendant's "time in prison—serving over a year at a time on at least two occasions—and the 'sheer number of his other convictions' impairs his ability to argue ignorance as to his status as a felon.").

Muhammad also argues that, after *Rehaif,* he is actually innocent of his § 922(g)(1) conviction because the government did not prove that he knew "he was prohibited from bearing arms," and argues that he did not in fact know he was prohibited from bearing arms.  Pet. at 12 (Doc. 1); Mot. at 1 (Doc. 13).  The Seventh Circuit, however, has clarified that *Rehaif* does not impose a willfulness requirement on § 922(g) prosecutions.  *See Maez*, 960 F.3d at 954. Accordingly, even after *Rehaif,* there is no requirement that the government prove that the defendant knew that belonging to the relevant category—here an individual with a prior felony conviction— meant that he could not possess firearms.  Moreover, in the absence of a showing of a miscarriage of justice, Muhammad's argument in his motion to amend that "a jury was required to weigh in on whether [he] had that guilty state of mind," Mot. at 4 (Doc. 13), is

inapposite.  The Court must, therefore dismiss Muhammad's *Rehaif* claim pursuant to 28 U.S.C. § 2255(e).

### B.  Muhammad is Entitled to Be Resentenced Without the Armed Career Criminal Enhancement.

On Muhammad's second challenge, however, the Court finds that Muhammad's should not have been designated an armed career criminal and that his claim can proceed in a § 2241 petition pursuant to § 2255(e).  A person who violates 18 U.S.C. § 922(g) is an armed career criminal if they have "three previous convictions . . . for a violent felony or serious drug offense."  18 U.S.C. § 924(e).  Section 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  Clause (i) is known as the "elements clause."  The first part of clause (ii) is known as the "enumerated offenses clause," and the part of clause (ii) that follows "otherwise" is known as the "residual clause."  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), however, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2563.  Accordingly, only the elements and enumerated clauses remain valid.

The parties agree that, in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016), Muhammad's Mississippi burglary conviction is not a violent felony and, therefore, he does not have the requisite three predicate convictions for the ACCA sentencing enhancement to apply. Respondent also concedes that Muhammad's claim meets both the first and third step of the savings clause test.  However, Respondent argues that Muhammad cannot meet the second step of the savings clause test because Muhammad cannot show that his *Mathis* argument was

foreclosed by circuit precedent at the time of his direct appeal and initial § 2255 motion. As discussed below, the Court agrees that Muhammad's claim has merit and further finds that it can proceed under 28 U.S.C. § 2255(e).

To properly frame the Respondent's argument that Muhammad's claim was not previously foreclosed, the Court will begin with a discussion on the merits of the claim. Muhammad's claim that he is not an armed career criminal flows from the proper application of the "categorical approach," as clarified in *Mathis*. The categorical approach was first developed in *Taylor v. United States*, 495 U.S. 575, 600 (1990), as the method to determine whether a defendant's prior convictions qualify as predicate offenses for the armed career criminal enhancement. Under the categorical approach, courts look to: "whether the state conviction can serve as a predicate offense by comparing the elements of the state statute of conviction to the elements of the [generic offense]." *United States v. Elder*, 900 F.3d 491, 501 (2018) (*citing Mathis v. United States*, 136 S.Ct. 2243, 2248–49 (2016)). "The categorical approach disregards the facts underlying a prior conviction, focusing instead on the statutory definition of the offense." *United States v. Edwards*, 836 F.3d 831, 834–35 (7th Cir. 2016).

"The categorical approach is straightforward enough if the state statute of conviction contains only one set of elements defining a single offense." *United States v. Franklin*, 895 F.3d 954, 958 (7th Cir. 2018). The court simply compares the elements of the offense to *Taylor's* definition of generic burglary. *Id.* If the statutory definition is the same as or narrower than the generic definition, the offense can be treated as an ACCA predicate offense. *See Edwards*, 836 F.3d at 835. "If state law defines the offense more broadly than the [ACCA], the prior conviction doesn't qualify as a [violent felony], even if the defendant's conduct satisfies all of the elements of the [ACCA] offense." *Id.* at 833.

However, if the state statute is divisible, courts may use the *modified* categorical approach and are permitted to consult certain documents to see which alternative formed the basis of the defendant's conviction. *See Descamps v. United States*, 570 U.S. 254, 262 (2013). The modified categorical approach is only appropriate where a statute is divisible into qualifying and non-qualifying offenses and does not apply to a crime that has a single, indivisible set of elements. *Id*. at 263. A divisible statute is one that lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element. *Mathis*, 136 S. Ct. at 2249. When a statute lists various factual means of committing a single element, the modified categorical approach does not apply. *Id*. at 2248.

To determine whether a statute is divisible, courts look to see if there is:

a decision by the state supreme court authoritatively construing the relevant statute[, which] will both begin and end the inquiry. . . . Absent a controlling state-court decision, the text and structure of the statute itself may provide the answer. Failing those 'authoritative sources of state law,' sentencing courts may look to 'the record of a prior conviction itself' for the limited purpose of distinguishing between elements and means.

*Edwards*, 836 F.3d at 836 (citing *Mathis*, 136 S. Ct. at 2256).

The parties agree that under this framework, Muhammad's Mississippi burglary conviction is not for generic burglary. Muhammad's state statute of conviction included buildings and other structures, but it also included multiple other potential locations that were neither buildings nor structures:

Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part

> thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more
> than seven (7) years.

Miss. Stat. Ann. § 97-17-33 (1989).  As Respondent concedes, location does not appear to be an element from the language of the statute, but merely a means.  Further, the same maximum penalty was authorized, irrespective of the burgled location.  Nor have the parties or the Court found any state court decisions that have held that the different locations in the statute are different means.  Accordingly, the Court agrees that the version of statute under which Muhammad was convicted is broader than generic burglary and is not divisible.  As this leaves Muhammad with only two predicate offenses, he was erroneously designated an armed career criminal and his sentences on his § 922(g)(1) offenses should not have exceeded ten years' imprisonment.  *See* 18 U.S.C. § 924(c).

However, that there was an error—even an error amounting to a miscarriage of justice—is not enough to obtain relief through the § 2255(e) savings clause.  Instead, Muhammad must meet all three steps of the savings clause test.  The first and third steps are not contested: Muhammad's claim easily meets the first step, as there can be no serious debate that *Mathis* is a statutory interpretation case.  *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation," so claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241.").  Moreover, the Seventh Circuit has held that *Mathis* is both new and that it applies retroactively for purposes of the savings clause test. *Chazen v. Marske*, 938 F.3d 851, 861-63 (2019).[2]  And the Seventh Circuit has repeatedly found that a defendant sentenced in error as an armed career criminal satisfies the "miscarriage of justice" requirement."  *Id*. at 856 (*citing Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)).

---

[2] The Court notes that Respondent has preserved for further review its argument that the Seventh Circuit erred in *Chazen* when it held that *Mathis* announced a new rule for the purposes of the saving clause.

Respondent argues, however, that Muhammad cannot meet the second step of the savings clause test because he cannot show that his claim was previously foreclosed.  This area of law is complex, and to some degree, unsettled in the Seventh Circuit.  When first addressing the § 2255(e) savings clause, the Seventh Circuit stated "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  The Seventh Circuit has acknowledged that their precedent articulating this principle, incorporated into the second step of the savings-clause test, has been inconsistent, sometimes requiring a petitioner "to show that he is relying on a "new rule" that applies "retroactively to cases on collateral review and could not have been invoked in his earlier proceeding."  *Chazen,* 938 F.3d at 861 (*quoting Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017)).  Other times, the Seventh Circuit has used a higher standard, which required:

> a petitioner to show not only that he relies on a newly decided case of statutory interpretation, but also that, at the time of his initial § 2255 petition, his claim was "foreclosed by binding precedent" in the circuit of his conviction.  *Brown*, 719 F.3d at 595 (*quoting Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012)). And most recently we have explained that "if it 'would have been futile' for a petitioner to raise these arguments in his § 2255 motion because the 'law was squarely against him,' then the savings clause applies and [a petitioner] may proceed and pursue resentencing under § 2241." *Beason,* 926 F.3d at 936 (*quoting Webster*, 784 F.3d at 1136).

*Id.* at 861-82.

The Seventh Circuit did not attempt to clarify the test in *Chazen*, but found that the petitioner met the higher standard because his claim that Minnesota burglary was not a violent felony under 18 U.S.C. § 924(e) was foreclosed at the time of his initial § 2255 motion "by Eighth Circuit precedent concluding that Minnesota burglary qualified as a violent felony for federal sentencing purposes," such that "the law was squarely against" him.  *Id.* at 9.

Here, too, the Court finds that Muhammad can meet this higher standard—circuit law was squarely against Muhammad at the time of his direct appeal and initial § 2255 motion.  It is true, of course, that the Seventh Circuit had never—and still has not—directly addressed whether Mississippi burglary is a violent felony under the elements clause of § 924(e).  As Respondent notes, however, by the time of Muhammad's direct appeal and initial § 2255 motion, the Seventh Circuit had addressed the overbreadth of the locational element in the materially similar burglary statute under Illinois law, 720 ILCS 5/19-1.  *See United States v. King*, 62 F.3d 891, 897 (7th Cir. 1995); *United States v. Howell*, 37 F.3d 1197, 1207 (7th Cir. 1994).  Like the Mississippi statute, the Illinois statute's locational element was indivisible and read:

> A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined by the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft.

720 ILCS 5/19-1.  In *King*, the Seventh Circuit found that while the statute on its face was overbroad as to the locational element, the defendant's conviction was still for a violent felony because the relevant charging papers confirmed that "all of the elements of generic burglary were present."  *King,* 62 F.3d at 897; *see also Howell,* 37 F.3d at 1207.  In light of these Seventh Circuit cases, any argument that Muhammad would have sought to raise about the materially similar Mississippi simple burglary statute would have been frivolous, as the record shows that Muhammad's charging papers also confirmed that he burgled a building.  "It is only after *Mathis*" that Muhammad's could have succeeded on his claim that Mississippi "burglary is indivisible because it lists alternative means of committing a single crime."  *Chazen*, 938 F.3d at 862.  Accordingly, the Court finds that Muhammad had "no reasonable opportunity to obtain earlier judicial correction" of what Respondent has conceded is a fundamental error in Muhammad's sentence.  *In re Davenport*, 147 F.3d at 611.

Moreover, the Court disagrees with Respondent's contention that the Seventh Circuit's decision in *Chazen* or other precedent requires that the foreclosing precedent to have addressed the *exact* issue that Muhammad now brings.  In *Chazen*, one of the cases relied upon by the Seventh Circuit in finding that Chazen's claim was foreclosed by precedent had analyzed the relevant burglary statute, but under the "crime of violence" standard from the Sentencing Guidelines.  *Chazen*, 938 F.3d at 862 (citing *United States v. LeGrand*, 468 F.3d 1077 (8th Cir. 2006).  While *LeGrand* did not address the identical issue, in light of the *LeGrand* holding, any argument Chazen may have made that Minnesota burglary was not a violent felony would have been foreclosed by *LeGrand*.  Furthermore, requiring a defendant to raise a frivolous claim in order to preserve it for later judicial review in case the law changes would not promote judicial efficiency.  Here, upon a review of the caselaw that existed at the time, it was clear that the Seventh Circuit would have found that Muhammad's Mississippi burglary conviction was a violent felony in light of the holdings of *King* and *Howell*.

Respondent also argues that this showing is insufficient not only because there was no circuit precedent directly addressing Mississippi burglary, but also because there was no precedent addressing the elements/means distinction.  However, *Chazen* did not require this showing and it is not clear that Eighth Circuit precedent had directly addressed an argument relating to the elements/means distinction.  Moreover, the application of the categorical approach taken in *Kings* and *Howell* implicitly rejected any "elements only" argument by finding that even through the statute was overbroad, the charging papers could be used to determine if the state offense corresponded to generic burglary.  It is enough for Muhammad to show that he would not have obtained any relief on his claims had he raised them at the time of his direct appeal and initial 2255, which he has done.  Accordingly, the Court finds that the remedy under 28 U.S.C.

§ 2255 is "inadequate or ineffective to test the legality" of Muhammad's detention pursuant to § 2255(e).  He is entitled to be resentenced without the § 924(e) enhancement.

## IV.  CONCLUSION

Muhammad has shown both that he can proceed under 28 U.S.C. § 2241 and that his claim is successful on the merits.  Pursuant to 28 U.S.C. § 2243, this Court is authorized to "dispose of the matter as law and justice require."  Relying on this language, courts have generally held that a habeas court has the power to vacate a judgment and order resentencing in the original sentencing court.  *See Pruitt v. Neal*, 788 F.3d 248, 276 (7th Cir. 2015) (granting a § 2254 motion and vacating state prisoner's death sentence and remanding to the State for a new penalty-phase proceeding); *United States v. Cox*, 766 F. App'x 423, 425 (8th Cir.), *cert. granted, judgment vacated*, 140 S. Ct. 396, 205 L. Ed. 2d 210 (2019), and *opinion reinstated*, 796 F. App'x 322 (8th Cir. 2020) (holding that in granting relief on a § 2241 petition, a district court can order the original sentencing court to conduct a resentencing and the sentencing court has authority to conduct a resentencing hearing.); *see also United States v. Triestman*, 178 F.3d 624, 629 (2d Cir. 1999) ("Because § 2243's authorization to 'dispose of the matter as law and justice require' is broad enough to allow for resentencing in some circumstances-*i.e.,* such as when necessary to cure a constitutional defect-we read § 2243 as containing an express grant of statutory power under § 3582(c)(1)(B) to resentence in those circumstances.").[3]

---

[3] The Court notes that recently, in *United States v. Rhodes*, No. 20-6012, 2020 WL 6537573, at *4 (10th Cir. Nov. 6, 2020), an unpublished decision, the Tenth Circuit reached the opposite conclusion and found that a habeas court does not have authority to vacate a judgment of another court and order resentencing.  The Tenth Circuit relied on dicta from *Fay v. Noia*, 372 U.S. 391, 430-31, 83 S.Ct. 822 (1963), *overruled in part by Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), and *abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), which stated: "Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner."  *Fay,* 372 U.S. at 430–31, *citing In re Medley*, 134 U.S. 160, 173, 10 S. Ct. 384, 388 (1890). However, the language in *Fay* was dicta and was stated as support for the principle that exhaustion of state court remedies was not required in habeas jurisdiction as it would be within appellate jurisdiction.  *Id.* at 430 ("[T]he

Accordingly, as the Court has found that Muhammad's detention may no longer continue under what the Court has determined to be an illegal judgment, the Court finds that resentencing is necessary. Here, both parties have requested that Muhammad be resentenced before the original sentencing court. The Court recognizes there are inherent issues with obtaining resentencing under 28 U.S.C. § 2241 when the case is not before the original sentencing court. *See generally, Hill v. Sepanek*, No. CV 14-85-ART, 2017 WL 73338 (E.D. Ky. Jan. 6, 2017) (discussing the issues related to comity, fairness, practicality, and congressional will that make resentencing outside of the procedures in 28 U.S.C. § 2255 inherently problematic). Here, as the sentencing court, the Northern District of Indiana, is also within the Seventh Circuit, some issues will be lessened. Moreover, as Respondent notes, the sentencing court may choose at resentencing to stack the sentences on each count of conviction to achieve the same sentence. Accordingly, the Court finds that a resentencing hearing may be required. The Northern District of Indiana, having already sentenced Muhammad once, will be more familiar with the case and better able to determine an appropriate sentence.

**IT IS THEREFORE ORDERED:**

1) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is GRANTED IN PART and DISMISSED IN PART: Petitioner's *Rehaif* claim is dismissed pursuant to 28 U.S.C. § 2255(e), but the Court finds that he is entitled to a new sentence without the armed career criminal enhancement in light of his *Mathis* claim.

---

broad power of the federal courts under 28 U.S.C. § 2243 summarily to hear the application and to 'determine the facts, and dispose of the matter as law and justice require,' is hardly characteristic of an appellate jurisdiction."). Accordingly, because Seventh Circuit precedent points to the opposite conclusion and is not in contradiction with *Fay*, the Court is not persuaded by the Tenth Circuit's decision.

2) Petitioner's judgment imposed by the United States District Court for the Northern District of Indiana in Case No. 00-cr-197 is VACATED pending resentencing in the United States District Court for the Northern District of Indiana without the armed career criminal enhancement under 18 U.S.C. § 924(e);

3) The Clerk is DIRECTED to enter final judgment in favor of Respondent on Petitioner's *Rehaif* claim and in favor of Petitioner on his *Mathis* claim;

4) The Clerk is DIRECTED to send copies of this Order and the Judgment in this case to the United States District Court for the Northern District of Indiana and the Clerk thereof for filing in Case No. 00-cr-197; and

5) Petitioner's pending Motion for Status (Doc. 21) is GRANTED.

This case is CLOSED.

Signed on this 14th day of December 2020.

/s/ Sara Darrow

Sara Darrow
Chief United States District Judge